# J. A. SNYDER v. CRESCENT MILLING COMPANY.[1]

## June 10, 1910.

## Nos. 16,618—(80).

**Substantial performance of contract—evidence.**

In an action to recover the amount claimed to be due for putting down a six-inch tubular well under a written contract providing that the contractor should receive $2.75 per foot for each foot necessary to produce a flow of water amounting to forty gallons a minute under a continuous test of forty-eight hours, *held*, the court was justified in charging the jury that, if they should find the well produced the required flow of water, there had been a substantial compliance with the contract, and the evidence justified the jury in so finding.

**Pleading and proof — variance.**

The action was to recover the contract price of $2.75 per foot, but the complaint contained an unnecessary allegation that the services were reasonably worth that amount. *Held*, it was immaterial that respondent testified, over objection, that his services were reasonably worth $2.75 per foot.

[1] Reported in 126 N. W. 822.

Evidence of test — harmless charge.

>Conceding that respondent was not required to make a proper test of the well upon its completion, he volunteered to do so, appellant acquiesced, and the evidence was sufficient to justify the jury in finding that the test was adequate, and appellant was not prejudiced by the court's charge that the terms of the contract did not require a test by either party.

New trial.

>The trial court did not abuse its discretion in refusing a new trial upon the ground of newly discovered evidence.

Action in the district court for Renville county to recover $465.65 for services rendered under contract in the digging of a certain well. The facts are stated in the opinion. The case was tried before Powers, J., and a jury which returned a verdict in favor of plaintiff for $479.88. From an order denying defendant's motion to set aside the verdict and for a new trial, it appealed. Affirmed.

*A. V. Rieke, A. U. Hamrum,* and *Daly & Barnard,* for appellant.
*George F. Gage,* for respondent.

Lewis, J.

Respondent entered into a written contract by which he agreed to furnish material and labor in putting down a six-inch tubular well, and guaranteed it to produce a flow of forty gallons of water per minute, subject to a continuous test of forty-eight hours. Appellant agreed to furnish the necessary coal and water to operate the engine, and when the well was completed in accordance with the contract he was to pay $2.75 per every foot necessary to obtain the flow of water specified. Respondent, claiming to have completed the well according to contract, brought this action to recover the amount due. The complaint did not set out the written contract, but alleged that a contract was entered into as above specified, that respondent was to receive $2.75 per foot, and stated that his services were reasonably worth that amount. The answer was a general denial, but admitted the execution of the contract, and a copy was attached. The trial court instructed the jury that respondent was not required to make a test of the well, and that the only question to determine was whether respondent had fulfilled his part of the contract, and, if they should

find that he had, then he was entitled to receive $2.75 per foot for the number of feet necessary to give the requisite flow of water. The jury returned a verdict for the contractor.

Respondent admitted at the trial that in his attempt to perforate the six-inch steel pipe to let the water in, after striking the vein of sand and gravel at the one hundred fifty foot level, he made a mistake in measuring the distance, and perforated the pipe at a point three or four feet too high, and in order to rectify this mistake, and keep the sand from coming in, he inserted inside the six-inch pipe a piece of pipe two feet long and five eighths inches in diameter, and, having riveted iron crossbars one inch wide and half an inch thick to the top of this pipe, drove it into position by dropping a heavy weight attached to the engine.

Appellant assumed the position at the trial, and renews it here, that the fact that the diameter of the well was reduced by the insertion of the pipe and crossbars conclusively shows that the well was not of the diameter contracted for, and hence not a compliance with the contract. The trial court instructed the jury to determine whether or not the insertion of the pipe, with the crossbars, constituted a material interference; that if they should find that the well, as completed, would produce forty gallons per minute, it was a substantial compliance with the contract, notwithstanding the insertion of the pipe and crossbars.

Apparently credible witnesses testified that, if the head and flow of water in the vein of gravel was sufficient to cause the head of water to stand in the pipe during the test made by respondent, then the presence of the inside pipe and crossbars would not interfere with the efficiency of the well. It is true that appellant contracted for a six-inch well, and unless the well, as completed, substantially complied with the contract, it cannot be required to accept it; but respondent should not be required to lose his labor and material simply because of the mistake in perforating the pipe in the proper place, provided the well was not injured in attempting to close the openings. We consider the evidence sufficient to sustain respondent's claim that he substantially complied with the contract.

It is further submitted that respondent tendered an issue in the

complaint as to the reasonable value of his services, and that he did not bring this action to recover the contract price. Respondent was permitted to testify, over the objection of appellant, that the reasonable value of the services was $2.75 per foot; but this question did not amount to a shifting of positions. The action was evidently based upon the contract, and the case tried and finally submitted to the jury upon that theory. No requests were made to charge the jury otherwise. We cannot discover that appellant was misled in any respect, and under the circumstances the court was correct in confining the issue to the question whether the contract had been complied with. The court instructed the jury that under the contract respondent was not required to make the test, but that he must furnish a well that would come up to the flow specified. It is not material here whether respondent was required to prove the capacity of the well before turning it over as complete, for the reason that both parties construed the contract by their conduct. Respondent did make the test for at least forty-five hours, according to his testimony, and the pump would have been kept going the other three hours had the appellant furnished the coal for the engine. Granting, then, that the court may have been in error in instructing the jury that respondent was not obliged to make the test, yet it was error without prejudice.

The affidavits read in support of the motion for a new trial upon the ground of newly discovered evidence set out that after the trial certain of appellant's witnesses re-examined the well, claiming they made some impressions of the bottom, that they found no cross-bars in the way, and had no difficulty in probing to the bottom. They claimed that the pipe had been broken at a point about one hundred forty-seven feet seven inches down; that the lower part had been driven into the earth so that the upper and lower sections of the casing were separated a distance of from one and a half to two and a half inches. Two of the same witnesses testified at the trial that they examined the well and were unable to get the sounding rod, or lead, any deeper than one hundred forty-seven feet, and were positive that, if the well was any deeper, it was full of sand up to that point. They took some impressions of the bottom of the well at

that time, but the result does not appear in the record. These statements are conflicting; but, even if the last examination showed the state of facts claimed, no sufficient explanation was given why they had not been ascertained before the trial. We discover no abuse of discretion in denying a new trial on this ground.

JAGGARD, J.
I dissent.